UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE NOAL KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-01471-SRC |
| | ) |
| TED EATON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Jesse Noal Killian for leave to commence this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his inmate account statement, but based upon the information provided in his Application to Proceed in District Court Without Prepaying Fees or Costs, the Court will assess an initial partial filing fee of $1.00, which is an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (holding that when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must provide the Court with a certified inmate account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and Ted Eaton, the Functional Unit Manager, in his official capacity. ECF No. 1.

In the Statement of the Claim section of the complaint, plaintiff alleges the following in its entirety:

> On 9/2/2021 I rec[ei]ved a Conduct Violation for a #9.5 Organized Disobedience[.] [I]n the Conduct Violation it says I was kicking the door with another offender[.] [T]he other offender in Cell 108-HU2-C Wing put in his statement on the interview of the Conduct Violation [that] he was the only one kicking the door[.] FUM Ted Eaton modified the CDV to a # 19.1 Creating a Disturbance when I wasn't kicking the door in HU2-C Wing-Cell 113 or creating any kind of disturbance and the COI that wrote the violation was never at my door at the time of the alleged incident.

*Id.* at 3.

Attached to the complaint is a copy of plaintiff's Informal Resolution Request, dated September 20, 2021, in which he disputed the issuance of the conduct violation at issue in the instant case. ECF No. 1-3 at 2. Also attached is the institution's response, which denied his Informal Resolution Request because his "violation is still pending and awaiting review and signature from the Assistant Warden or designee" and until such review is complete, he has "not officially been found guilty of the violation in question." *Id.* at 1.

For relief, plaintiff asks the Court to dismiss the conduct violation and expunge it from his prison records. He further requests monetary damages in the amount of $100,000.

## Discussion

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      Claim against the Missouri Department of Corrections**

Plaintiff's claim against the MDOC is barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. Appx. 333. 333–34 (8th Cir. 2009). A suit against the MDOC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989); *see also Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not a "person" subject to § 1983 suit). As a result, the complaint shall be dismissed as to the MDOC pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     Official capacity claim against Ted Eaton

Plaintiff's official capacity claim against Ted Eaton, the Functional Unit Manager, will also be dismissed because the claim is not cognizable under § 1983. Plaintiff alleges that defendant Eaton is employed by the MDOC, a state agency. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will*, 491 U.S. at 71; *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*; *see also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"); *Vratney, II v. Precythe, et al.*, No. 19-CV-455, 2019 WL 4170249, at *2 (E.D. Mo. Sept. 3, 2019) (dismissing claims against a functional unit manager in his official capacity because he is not a "person" under § 1983).

Moreover, the Eleventh Amendment provides immunity to state officials who are sued in their official capacities. *See In re Sdds*, 97 F.3d 1030, 1035 (8th Cir. 1996). The Eighth Circuit has held that § 1983 does not abrogate the states' Eleventh Amendment immunity. *Williams v. State of Missouri*, 973 F.2d 599, 599–600 (8th Cir. 1992) (reversing district court's denial of the state's motion to dismiss on immunity grounds, because "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983"); *cf. Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (stating that § 1983 provides no cause of action against agents of the State acting in their official capacities).

5

As a result, the complaint shall be dismissed as to defendant Eaton in his official capacity pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   Individual Capacity Claim Against Ted Eaton

The Court notes that even if plaintiff brought this action against defendant Eaton in his individual capacity, his claims would still fail because his allegations do not rise to the level of a constitutional violation and fail to state a claim or cause of action under § 1983. A mere false conduct violation is not actionable under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam); *see also Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974) (stating that "the role of the district court is not to afford a de novo review of the disciplinary board's factual findings" or it "would assume the task of retrying all prison disciplinary disputes"); *Mueller v. Norman*, No. 10-CV-212, 2011 WL 1330816, at *2 (E.D. Mo. Apr. 7, 2011) (stating that an allegation regarding a disputed conduct violation does not articulate a constitutional or federal statutory violation); *Smith v. Taylor*, No. 07-CV-42, 2008 WL 151611, at *2 (E.D. Mo. Jan. 14, 2008) (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)) ("There is no indication that the issuance of the false conduct violations implicates constitutionally-protected interests; it simply does not constitute an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'").

Additionally, according to the institution's response, which was attached to the complaint, the conduct violation is still under investigation and plaintiff has not yet been found guilty of the violation. Therefore, even if it were appropriate for this Court to dismiss or expunge conduct violations, plaintiff has not yet been found guilty of the conduct and, thus, his due process rights cannot be said to have been violated. "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of

evidence that might be insufficient in less exigent circumstances." *Spence v. Farrier*, 807 F.2d 753, 756 (8th Cir. 1986). As such, due process is satisfied as long as "some evidence supports the decision by the prison disciplinary board." *Id.* Here, the evidence is still being evaluated as noted in the institution's response to plaintiff's Informal Resolution Request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Jesse Noal Killian must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of December 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**